# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA MCCLELLAN, | ) 1:05cv00050 JMD |
| | ) |
| | ) |
| Plaintiff, | ) ORDER REGARDING PLAINTIFF'S MOTION |
| | ) FOR ATTORNEY'S FEES |
| v. | ) |
| | ) (Documents 22 and 23) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court on a petition for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on September 12, 2007, by Plaintiff's attorney, Henry Reynolds.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable John M. Dixon, Jr., United States Magistrate Judge.[1]

## **BACKGROUND**

Plaintiff commenced the instant action on January 10, 2005. On June 25, 2007, the Court granted the Commissioner's motion to remand the action pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] The parties consented to the Jurisdiction of the United States Magistrate Judge. On May 13, 2005, the Honorable Anthony W. Ishii reassigned the case to the Honorable Sandra M. Snyder for all purposes. On June 8, 2007, the Honorable David F. Levi reassigned the case to the undersigned for all purposes.

On September 12, 2007, the Plaintiff filed a motion requesting attorney's fees pursuant to the EAJA. Subsequently, Mr. Henry Reynolds, Plaintiff's counsel, filed a first amended motion on November 29, 2007, requesting $8,214.38 in attorney's fees pursuant to the EAJA. The Commissioner opposed the motion on December 13, 2007, arguing that the request was unreasonable.

## DISCUSSION

A.   <u>Reasonableness of Request</u>

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

In his application, Mr. Reynolds requests attorney's fees in the amount of $ 8,214.38 (for 52.90 hours[2]). In support of his request, he attaches an itemization of time spent from January 25, 2007, through April 3, 2008 ("Schedule of Hours").

The Commissioner does not dispute that Mr. Reynolds is entitled to fees as the prevailing party. However, the Commissioner points to specific entries and contends that they are improper requests and/or excessive. The Commissioner also generally argues that the total request is unreasonable given that the Commissioner was forced to file a motion to remand because the parties could not agree.

///

///

---

[2] For civil actions commenced on or after March 29, 1996, the EAJA provides for an hourly rate of $125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Mr. Reynolds calculates the cost of living increases as providing for an hourly rate of $152.70 in 2004, an hourly rate of $157.89 in 2005, an hourly rate of $161.88 in 2006 and an hourly rate of $166.27 in 2007. The Commissioner does not contest these hourly rates.

1.   *Motion for Summary Judgment*

In seeking a fee reduction, the Commissioner first argues that Mr. Reynolds' expenditure of 31.5 hours in drafting and editing the summary judgment motion is an excessive amount of time for experienced counsel.

Mr. Reynolds supports his request by explaining that he was not counsel at the administrative level and therefore needed additional hours to review the administrative proceedings.

In opposition, the Commissioner contends that Plaintiff's case was routine. A review of the motion for summary judgment reveals briefing regarding the use of a consultative examination, Plaintiff's credibility, side effects of medication, residual functional capacity, vocational hypothetical and medical expert testimony. Based on the routine nature of the case and the experience of Mr. Reynolds[3], the Commissioner asserts that a reasonable compensation would include no more than 20 hours for the summary judgment motion.

Rather than arbitrarily reduce the overall request, the Court will focus on the amount of time spent reviewing the administrative record and preparing the opening brief. Attorney Brian Zeiden indicates that he spent 5.5 hours reviewing the record, .50 hours conducting legal research and 17. 5 hours drafting and editing the opening brief. Declaration of Brian Aaron Zeiden, attached to Motion. Mr. Reynolds spent an additional 8.0 hours editing the opening brief. Schedule of Hours, attached to Motion. In balancing the relatively routine nature of the claims with counsel's experience, the Court finds that counsel is entitled to 5.5 hours for reviewing the record and conducting research and 16 hours for preparing the opening brief. The 31.5 requested hours are therefore reduced to 21.5 hours.

2.   *Pre-Complaint Activity*

The Commissioner argues that Mr. Reynolds should not be compensated under EAJA for time spent *prior* to filing the complaint in this Court. Citing Mendenhall v. NTSB, 213 F.3d 464, 469 (9th Cir. 2000), the Commissioner contends that 3.7 hours of time spent between November

---

[3]Mr. Reynolds' declaration indicates that he has been engaged in the active practice of law since 1992 and he handles exclusively social security disability cases. Declaration of Henry Reynolds, ¶¶ 1-2.

3

1, 2004 through December 14, 2005[4], should not be compensated because it occurred prior to the filing of the complaint in this matter.

Although the time requested between November 1, 2004, and December 13, 2005, was for activity completed prior to the filing of this action, the Court finds that a portion of the time was spent in preparation for this action and is therefore compensable.  The EAJA defines "fees and other expenses" as including "reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees. . ." 28 U.S.C. § 2412 (d)(2)(A).  Obviously, the EAJA recognizes that legal work *must* be done in preparation for the filing of a civil action.  Mendenhall does not hold otherwise.  There, the issue was not whether attorneys' fees incurred in preparation for, but prior to, filing were compensable.  Rather, the court determined that work done before the administrative agency, prior to the filing of a civil suit, was not compensable under section 2412.  Mendenhall, 213 F.3d 464, 468-469.

Unlike Mendenhall, Mr. Reynolds' work prior to the filing of this action was not performed before the administrative agency.  The work done on November 1, 2004, and November 22, 2004, although done prior to the filing of this action, was done in preparation for filing the action.  On November 1, 2004, Mr. Reynolds spent 3 hours reviewing the case and deciding to take it.  On November 22, he spent .4 hours in a conference with his client.  *See* Schedule of Hours attached to Motion.  The Court will not extend the holding of Mendenhall to prohibit payment for work done in preparation for, but prior to, the filing of a civil action.  Accordingly, the time on November 1, 2004, and November 22, 2004, will not be disallowed on this basis.

Insofar as the Commissioner argues that the 3 hours of review should be disallowed because counsel spent almost 5.5 more hours to review the record in drafting the brief, this

---

[4]The Schedule of Hours provided by Mr. Reynolds identifies the dates as November 1, 2004, November 22, 2004 and December 14, 2005.  The December 2005 date appears incorrect.  The complaint was filed on January 10, 2005, and counsel purportedly completed this work *prior* to the filing of the complaint.  Therefore, the December 14, 2005 entry likely should be December 14, **2004**.  However, the Court will refer to the 2005 date as designated in Plaintiff's moving papers.

4

argument is without merit.  Counsel was certainly reasonable in reviewing the record upon which the Complaint and action is based prior to accepting and filing this matter.  Therefore, the time will not be disallowed on this basis.

However, the time spent on December 14, 2005, which is designated as .3 hours to "draft signup material," appears to be time spent drafting an agreement with the client and not work done in preparation for the filing of the civil action.  Accordingly, this time will be disallowed.

3.   *Miscellaneous Items*

The Commissioner next argues that 72 minutes (1.2 hours) of time spent by Mr. Reynolds, which is itemized as 18 minutes in 2005 communicating the status of Plaintiff's claim to her divorce attorney and an additional 54 minutes in 2005, 2006 and 2007 to provide status reports to the referring attorney are not properly compensable.  These hours appear unnecessary to the resolution of Plaintiff's case.  Hensley, 461 U.S. at 434 (counsel has an obligation to make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary").  Accordingly, this time will be disallowed.

4.   *Opposition to Motion to Remand*

The Commissioner also objects to the 3.4 hours of time Plaintiff's attorney spent rejecting the Commissioner's offer to voluntarily remand the case and drafting an opposition to the Commissioner's motion to remand.  The Commissioner contends that Plaintiff did not prevail on the motion and, thus, unnecessarily prolonged the order and judgment of remand.

A fee award may be limited or denied where the Court finds that special circumstances make an award unjust, or where the prevailing party engaged in conduct that unduly and unnecessarily delayed a resolution.  28 U.S.C. §§ 2412(d)(1)(A), (C).

The Court, however, finds no merit in the Commissioner's contention that Plaintiff "unnecessarily prolonged" this matter.  The Commissioner did not file its motion for remand until three months after Plaintiff filed her summary judgment motion.  Plaintiff did not delay in filing an opposition, submitting it the day immediately after the Commissioner filed the remand motion.  Moreover, by the remand motion, the Commissioner essentially conceded that there

1 were deficiencies in the administrative proceedings prior to Plaintiff's filing of this action in
2 federal court.  Accordingly, the 3.4 hours of time at issue will not be disallowed.

          5.    *Preparation of EAJA Motion*

4    Finally, the Commissioner opposes 5 hours that Mr. Reynolds seeks in connection with
5 preparation of the instant motion.  However, a review of the record reveals that his request is
6 broken down into 2.0 hours for "draft EAJA settlement letter" and 3.0 hours for "Draft EAJA
7 application."  Thus, Mr. Reynolds appears to have spent only 3.0 hours in preparation of this
8 motion.

9    Attorney's fees for attorney fee litigation are compensable.  Love v. Reilly, 924 F.2d
10 1492, 1497 (9th Cir. 1991).  However, the request must be reasonable.  The Commissioner
11 contends that given Mr. Reynolds' assertion that he is experienced in Social Security litigation, it
12 is unlikely that the bulk of the EAJA petition and supporting declaration were drafted anew.  The
13 Commissioner suggests that the Court award 1.5 hours for preparation of the motion.

14    The Court agrees with the Commissioner that the time spent in preparation of the
15 application is unreasonable.  The motion, as well as the supporting documentation, contains
16 mainly boilerplate-type language, with some customization relating to Plaintiff's action.
17 Accordingly, the Court will allow 1.5 hours for preparation of this motion.  However, the Court
18 will not reduce the amount of time spent in preparation of the draft EAJA settlement letter.

## AWARD

20    Mr. Reynolds' motion is therefore GRANTED.  He is awarded fees in the total amount of
21 $5,788.41 ([33.1 hours spent in 2005 at $157.89 per hour] + [.7 hours spent in 2006 at $161.88
22 per hour] + [2.7 hours spent in 2007 at $166.27 per hour).

25 IT IS SO ORDERED.

26 **Dated:  February 13, 2009**                   /s/ **John M. Dixon**
                                                                      UNITED STATES MAGISTRATE JUDGE